2007-NMCA-064

158 P.3d 1034

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**William SCURRY, Defendant–Appellant.**

No. 26,197.

Court of Appeals of New Mexico.

April 16, 2007.

Gary K. King, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

Pickett & Murphy, Lawrence M. Pickett, Las Cruces, NM, for Appellant.

**OPINION**

WECHSLER, Judge.

{1} In this appeal, we again address the findings a district court must make in order to exercise its discretion to determine that a defendant committed a serious violent offense under the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33–2–34 (2003) (amended 2006). The EMDA requires the district court, in determining in its discretion whether an offense is a serious violent offense enabling the district court to limit meritorious deductions available to the

defendant when confined in a correctional facility, to consider "the nature of the offense and the resulting harm." Section 33–2–34(L)(4)(n) (current version at NMSA 1978, § 33–2–34(L)(4)(*o*) (2006)). In *State v. Morales,* 2002–NMCA–016, ¶ 16, 131 N.M. 530, 39 P.3d 747, we held that, to make such a determination, the district court must conclude that the offense was "committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." We hold, in this appeal, that findings that merely set forth facts, without connecting the facts to the EMDA requirements as stated in *Morales,* do not satisfy the statutory requirement, and therefore do not justify a determination that an offense is a serious violent offense under the EMDA. We reverse and remand to the district court to ascertain if its determination can be supported by appropriate findings.

## BACKGROUND

{2} Defendant William Scurry pleaded guilty to homicide by vehicle when driving while intoxicated, great bodily harm by vehicle while intoxicated, and other charges. One person was killed and another injured in the incident giving rise to the charges. In response to the State's supplemental information, Defendant admitted that he had a prior DWI conviction. At the sentencing hearing, the State argued that Defendant knew the consequences of his drinking and driving and requested the district court to find the homicide by vehicle and great bodily harm by vehicle offenses to be serious violent offenses under the EMDA. Defense counsel argued that although Defendant was under the influence of alcohol, he did not have the intent or knowledge necessary for a finding of serious violent offenses because he suffered from bipolar disorder that affected his actions in the incident.

{3} The district court found the offenses to be serious violent offenses under the EMDA. It stated:

I have ruled on a number of occasions that this kind of offense is a serious violent offense. And [defense counsel is] quite right, the Court has to make the specific

findings and the Court will find that the breath alcohol being nearly four times the legal limit is a finding upon which that can be based, and will do so.

In denying Defendant's motion to reconsider, the district court stated that it orally found at the sentencing hearing: "1) that [D]efendant's offenses resulted in death; 2) Defendant was convicted of driving under the influence on one other occasion; and 3) Defendant's breath alcohol level was four (4) times the legal limit when the offenses occurred."

## ABSENCE OF REQUIRED EMDA FINDINGS

{4} Defendant contends on appeal that the district court's findings were insufficient to support its conclusion that the offenses were serious violent offenses under the EMDA. Although the determination that a crime that falls within the district court's discretionary authority under the EMDA as a serious violent offense is a discretionary act, the district court will abuse its discretion if it acts contrary to law. *See State v. Massengill,* 2003–NMCA–024, ¶ 50, 133 N.M. 263, 62 P.3d 354 (acknowledging that this Court applies de novo review when the district court's decision is "based on a misapprehension of the law"). We begin by determining whether the district court's findings fulfill the statutory requirements, including notice to the defendant of the district court's analysis. *State v. Loretto,* 2006–NMCA–142, ¶ 14, 140 N.M. 705, 147 P.3d 1138. If the findings comply with the EMDA, we then engage in a substantial evidence review in which we indulge all inferences in favor of the district court's determination to determine whether the evidence supports the district court's findings. *See State v. Ayala,* 2006–NMCA–088, ¶¶ 5, 8, 140 N.M. 126, 140 P.3d 547 (applying a deferential standard of review to the defendant's argument that the facts did not support a determination of serious violent offense). Because the district court's findings in this case are insufficient as a matter of law, we need not review the evidence.

{5} *Morales* provides the framework for our analysis. In *Morales,* we discussed the structure of the EMDA in order to ascertain

the legislative intent supporting it. *Morales,* 2002–NMCA–016, ¶¶ 13–16, 131 N.M. 530, 39 P.3d 747. The EMDA characterizes thirteen listed offenses as serious violent offenses as a matter of law and lists thirteen additional offenses that the district court may determine to be serious violent offenses based on "the nature of the offense and the resulting harm." Section 33–2–34(L)(4)(n). After examining this statutory structure in *Morales,* we reached two conclusions. First, because the list of offenses for which the court must exercise its discretion to determine if they are serious violent offenses includes offenses that always result in death, the resulting harm could not be the only factor in a court's determination. *Morales,* 2002–NMCA–016, ¶ 13, 131 N.M. 530, 39 P.3d 747. Rather, the nature of the offense must be considered in addition to resulting harm in a district court's discretionary determination of a serious violent offense. *Id.* Second, we observed that "many of the offenses" within the court's discretionary authority "are characterized by multiple ways of committing the offense, some intentional and some not, and some utilizing physical force and some not." *Id.* ¶ 15. By comparing the two lists of offenses of the EMDA, we concluded that the EMDA reserves "the serious violent offenses for those found by the trial judge to be committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Id.* ¶ 16. We noted the relevancy of the statutory factor of actual "resulting harm" to the defendant's intent. *Id.*

{6} Subsequent to *Morales,* we have held that *Morales* does not "require specific language from the district court," but only "findings consistent with the *Morales* standard." *State v. Cooley,* 2003–NMCA–149, ¶¶ 18–19, 134 N.M. 717, 82 P.3d 84. Although specific language is not required, the *Morales* standard nevertheless requires the district court to explain its conclusions. We recently stated that the district court's findings must describe the manner in which the offense was committed to qualify it as a "serious violent offense." *Loretto,* 2006–NMCA–142, ¶ 14, 140 N.M. 705, 147 P.3d 1138. In doing so, the district court is to consider the evidentiary facts about the commission of the crime, "including circumstances showing violence and indicating the [defendant's] intent, knowledge, and reckless behavior." *Id.* In this way, the district court ultimately determines under the *Morales* standard whether the crime was "committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Loretto,* 2006–NMCA–142, ¶ 14, 140 N.M. 705, 147 P.3d 1138 (internal quotation marks and citation omitted). Stated another way, the district court's findings must demonstrate how the defendant's acts "amounted to an offense committed in a 'physically violent manner.'" *Id.* ¶ 17. By making specific findings of fact directed to these issues, the district court is required to explain its conclusions and findings and "not leave it up to the appellate court either to speculate as to what the court relied on or to itself engage in judicial fact finding." *Id.* ¶ 14.

{7} In *Morales* and *Loretto,* we held that the district court's findings were insufficient as a matter of law to justify a determination of serious violent offense. In *Morales,* we held that the district court's findings, which "related to [the d]efendant's past violence and ... drinking habits, not to his intent or knowledge in regard to this offense," were insufficient because they did not relate to intent or knowledge. *Morales,* 2002–NMCA–016, ¶ 17, 131 N.M. 530, 39 P.3d 747. In *Loretto,* we likewise found insufficient the district court's findings because the district court found only intoxication and lack of enticement and "failed to tie these circumstances and [the d]efendant's conduct in any manner to the intent or recklessness in the face of knowledge standard." *Loretto,* 2006–NMCA–142, ¶ 17, 140 N.M. 705, 147 P.3d 1138. Similarly, in this case, the district court found that Defendant was extremely intoxicated but failed to point to any connection between Defendant's intoxication and intent or knowledge.

{8} The State argues that *State v. Montoya,* 2005–NMCA–078, 137 N.M. 713, 114 P.3d 393, and *State v. Worrick,* 2006–NMCA–035, 139 N.M. 247, 131 P.3d 97, *cert. granted,*

2006–NMCERT–003, 139 N.M. 353, 132 P.3d 1039, permit the district court to designate an offense a serious violent offense based on facts like those in this case. In both *Montoya* and *Worrick*, this Court engaged in a substantial evidence standard of review and determined that the evidence was sufficient to justify a serious violent offense designation. *See Montoya*, 2005–NMCA–078, ¶ 8, 137 N.M. 713, 114 P.3d 393; *Worrick*, 2006–NMCA–035, ¶¶ 5, 14, 139 N.M. 247, 131 P.3d 97. In *Montoya*, the defendant apparently did not argue that the district court's findings did not sufficiently inform him of the rationale underlying the serious violent offense designation. Rather, the defendant seems to have argued that the facts were not egregious enough to support such a designation. *See Montoya*, 2005–NMCA–078, ¶¶ 8–9, 137 N.M. 713, 114 P.3d 393. We affirmed, focusing on the sufficiency of the facts rather than on the sufficiency of the district court's findings. *Id.* ¶¶ 9–10. As for *Worrick*, while the case briefly did address the sufficiency of the findings, *Worrick*, 2006–NMCA–035, ¶¶ 8, 14, 139 N.M. 247, 131 P.3d 97, it mainly addressed the sufficiency of the evidence before the district court, *id.* ¶¶ 9–11. But Defendant in the case before us does not argue that the evidence was insufficient. Rather, Defendant argues that the findings were insufficient. Because *Montoya* and *Worrick* focus on a different argument, we are not persuaded that they govern our analysis.

{9} We nonetheless conclude that both *Montoya* and *Worrick* provide a helpful comparison for the findings in this case. Although, as we have stated, *Montoya* and, to a lesser extent, *Worrick* do not significantly consider whether the findings in those cases are sufficient, the holdings presuppose that the findings are sufficient. When we compare the findings in this case to those in *Montoya* and *Worrick*, the insufficiency of the findings in this case becomes more clear.

{10} In *Montoya*, the district court supported its determination of a serious violent offense by finding that the defendant had not availed himself of treatment or controlled his drinking problem in fifteen years, making himself a danger to others that ultimately resulted in the death for which he was convicted. *Montoya*, 2005–NMCA–078, ¶ 7, 137 N.M. 713, 114 P.3d 393. The district court's findings, although not using the specific language concerning intent and recklessness used in *Morales*, explained the district court's determination of a serious violent offense by connecting the defendant's past acts and practices to the vehicular homicide offense before the court to establish an awareness on the part of the defendant of the recklessness of the defendant's acts. *Id.; see also State v. Wildgrube*, 2003–NMCA–108, ¶ 37, 134 N.M. 262, 75 P.3d 862 (noting the district court's finding that the defendant engaged in a practice of continuing to drive while intoxicated after three arrests and two convictions for driving while intoxicated, resulting in the victim's death).

{11} *Worrick* is closer to the line because the district court's explanation in its findings did not clearly connect the defendant's past or present actions to the crime at issue. In that case, the district court supported its serious violent offense determination with findings that the defendant's breath alcohol level was three times the presumptive intoxication level and the defendant's repeated insistence, contrary to expert testimony from both the state and the defense, that the victim's vehicle did not have its headlights on causing the collision. *Worrick*, 2006–NMCA–035, ¶ 6, 139 N.M. 247, 131 P.3d 97. From the latter finding, the district court concluded that the defendant "was either too intoxicated to notice the headlights … or … is being deliberately untruthful." *Id.* In affirming, this Court stated that the district court's findings demonstrated "a consciousness of guilt that would allow the district court to find a level of awareness" that the defendant's actions "were likely to cause harm." *Id.* ¶ 9. Thus, while the district court's findings did not explicitly state their connection to the district court's conclusion that the *Morales* standard was met, this Court nonetheless concluded that the district court's reasoning was clear. *Worrick*, 2006–NMCA–035, ¶ 8, 139 N.M. 247, 131 P.3d 97.

{12} In the present case, none of the district court's findings clearly indicates the basis for the district court's conclusion that Defendant acted with intent or recklessness

in the face of knowledge. The district court found only that the offenses resulted in death, Defendant had a prior DWI conviction, and Defendant's breath alcohol level was four times the legal limit. Although these facts state the resulting harm required for vehicular homicide and may bear on the nature of the offense, we cannot ascertain from them Defendant's intent or degree of recklessness without considerable inference. *See Morales,* 2002–NMCA–016, ¶ 16, 131 N.M. 530, 39 P.3d 747.

{13} While, as we have noted, we need not address the sufficiency of the evidence in this case, we nonetheless note that the facts before the district court in this case are not as indicative of intent or recklessness in the face of knowledge as the facts in either *Montoya* or *Worrick.* In *Morales,* to explain the multiple ways in which a crime can be committed, such that some acts can be serious violent offenses while other acts in violation of the same statute are not, we distinguished between vehicular homicide in which the defendant "had only one drink but is thereby less able to drive safely" and one who "intentionally and habitually gets drunk to the point of being several times over the legal limit, knowing that he or she must drive in a crowded area and is in no shape to do so, but does so nevertheless." *Morales,* 2002–NMCA–016, ¶ 15, 131 N.M. 530, 39 P.3d 747. In keeping with this standard, the past conduct in *Montoya* was chronic and habitual. *Montoya,* 2005–NMCA–078, ¶¶ 7–10, 137 N.M. 713, 114 P.3d 393. The facts in this appeal are not as indicative of recklessness as those in *Montoya.* Defendant had a single DWI conviction; without additional facts, we do not know whether he fits the habitual circumstances of *Montoya. See Wildgrube,* 2003–NMCA–108, ¶ 37, 134 N.M. 262, 75 P.3d 862 (affirming a serious violent offense determination when the district court relied on three prior arrests and two prior convictions for driving while intoxicated). Moreover, the district court made no finding similar to the finding in *Worrick* that addresses Defendant's inability to see what was plain to be seen or his attempt to disguise his culpability. *Worrick,* 2006–NMCA–035, ¶¶ 6, 11, 139 N.M. 247, 131 P.3d 97. While we acknowledge that the district court's findings are relevant to the district court's conclusion, they do not sufficiently illustrate the way in which Defendant's conduct rises to the level of a serious violent offense.

## CONCLUSION

{14} Because the district court did not connect Defendant's prior DWI conviction or level of intoxication to the offense or state the reasons why these facts established a knowledge on Defendant's part that his acts would result in serious harm, the district court did not complete its responsibility to provide sufficient findings under *Morales.* We remand to the district court for further proceedings because the facts may justify a conclusion of serious violent offenses depending on the district court's findings.

{15} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL E. VIGIL, Judges.