**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,222**

**CHRISTOPHER SALLES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Paul Johnson
Carlsbad, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant Christopher Salles (Defendant) appeals from the judgment and order partially suspending his sentence. [RP 65] Defendant was convicted, upon a guilty plea, of kidnaping in the second degree, and aggravated battery against a household

member (no great bodily harm). [Id.] Defendant raises one issue on appeal, contending that the district court erred in making a finding that the second degree kidnaping was a serious violent offense under the earned meritorious deductions act (EDMA), pursuant to NMSA 1978, Section 33-2-34 (2006).

The calendar notice proposed summary reversal. [Ct. App. File, CN1] The State has filed a response to the notice of proposed disposition indicating that the State agrees with it. [Ct. App. File, memo in response] We reverse and remand for the district court to resentence Defendant in accordance with this opinion.

**DISCUSSION**

Section 33-2-34(L)(4)(a)-(n) lists several offenses that are "serious violent offenses" as a matter of law. Section 33-2-34(L)(4)(o) also enumerates other offenses that may be determined to be serious violent offenses, "when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense for the purpose of this section[.]" These listed offenses include second degree kidnaping, as provided in NMSA 1978, Section 30-4-1 (2003). *See* § 33-2-34(L)(4)(o)(7). To make such a determination, the district court must conclude that the offense was "committee in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Morales*,2002-NMCA-

016, ¶ 16, 131 N.M. 530, 39 P.3d 747. "Findings that merely set forth facts, without connecting the facts to the EMDA requirements as stated in *Morales*, do not satisfy the statutory requirement, and therefore do not justify a determination that an offense is a serious violent offense under the EMDA." *State v. Scurry*, 2007-NMCA-064, ¶ 1, 141 N.M. 591, 158 P.3d 1034.

In this case, Defendant was charged with second degree kidnaping, and aggravated battery on a household member. [RP 1, 48] The State filed notice of intent to seek a finding that Defendant's crimes constituted a serious violent offense, as well as a notice of intent to seek alteration of the basic sentence by arguing the existence of aggravating circumstances for the purpose of increasing the basic sentence by one third. [RP 51, 52] Defendant also filed a notice of intent to seek alteration of the basic sentence by arguing the existence of mitigating circumstances for the purpose of decreasing the basic sentence by one third. [RP 59]

Defendant pled guilty to second degree kidnaping, and aggravated battery against a household member. [RP 53] In the plea agreement, Defendant and the State agreed that if the district court found that "due to the nature of the offense and the resulting harm that this crime is a serious violent offense or this offense is classified as a serious violent offense . . . Defendant's meritorious deductions shall not exceed a maximum of four (4) days per month time served." [Id.] In addition, Defendant and

the State agreed that the basic sentence "may be altered up to one third for aggravating and mitigating circumstances." [Id.] Prior to sentencing, the district court entered an order committing Defendant to a diagnostic evaluation. [RP 56]

The judgment and sentence states that, with regard to the second degree kidnaping charge, the district court finds that "due to the nature of this offense and the resulting harm this crime is a serious violent offense." Each of the following reflect that the finding was apparently discussed, argued, and ruled upon at the sentencing hearing: (1) the notices filed by the parties with regard to their intentions on sentencing; (2) the parties' agreement in the plea that the judge may enter a serious violent offense finding; (3) Defendant's agreement in the plea that there is a factual basis for the convictions, including facts that appear to reflect that Defendant was physically violent toward the victim, when he punched, beat, threw her down, and tried to burn her with a lighter, in the presence of a young child and baby [*see*, *e.g.*, RP 5-6; RP 54 ¶ 5]; and (4) the presentation of the diagnostic evaluation results. *See Morales*, 2002-NMCA-016, ¶ 16 (stating that , the legislature wanted to reserve the serious violent offenses for those found by the trial judge to be committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm).

While, therefore, the record proper indicates that the basis for the serious

violent offense conclusion was discussed, argued, and ruled upon at the sentencing hearing, our case law requires the district court to explain its conclusions. *Scurry*, 2007-NMCA-064, ¶ 6. "[T]he district court is to consider the evidentiary facts about the commission of the crime, including circumstances showing violence and indicating the [defendant's] intent, knowledge, and reckless behavior." *Id.* (internal quotation marks and cited authority omitted). "In this way, the district court ultimately determines under the *Morales* standard whether the crime was committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Id.* (internal quotation marks and citation omitted). "By making specific findings of fact directed to these issues, the district court is required to explain its conclusions and findings and not leave it up to the appellate court either to speculate as to what the court relied on or to itself engage in judicial fact finding." *Id.* (internal quotation marks and citation omitted).

In this case, since the judgment and sentence essentially states only that Defendant's actions meet the *Morales* test, this Court is left, inappropriately, to speculate as to what the district court relied upon in coming to that conclusion. As such, the district court did not complete its responsibility to provide sufficient findings under *Morales*. As mentioned above, the State has filed a response to this Court's

5

calendar notice that indicates it agrees with this Court's analysis and proposed disposition. [Ct. App. File, memo in response]

**CONCLUSION**

We reverse and remand to the district court to ascertain if its determination that Defendant committed a serious violent offense can be supported by appropriate findings. *See Scurry*, 2007-NMCA-064, ¶ 14.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**




_____
**ROBERT E. ROBLES, Judge**