This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

  Plaintiff-Appellee,

v.             **NO. 29,782**

**ROBERT ORTIZ SOTO,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerry H. Ritter, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**INTRODUCTION**

Defendant Robert Ortiz Soto appeals the district court's ruling that his homicide by vehicle (driving while under the influence of intoxicating liquor) conviction was a serious violent offense for purposes of the Earned Meritorious Deductions Act (EMDA), NMSA 1978, § 33-2-34 (2006). This Court filed a second calendar notice on December 9, 2009, proposing to affirm. Defendant filed a memorandum in opposition on March 1, 2010, which we have given due consideration. We affirm the district court.

**STANDARD OF REVIEW**

We review for abuse of discretion. *State v. Solano*, 2009-NMCA-098, ¶ 6, 146 N.M. 831, 215 P.3d 769, *cert. denied*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360. "[T]he district court will abuse its discretion if it acts contrary to law." *Id.* ¶ 7 (internal quotation marks and citation omitted).

**DISCUSSION**

EMDA specifies circumstances in which an offender may or may not receive a meritorious deduction from his or her sentence. Where the defendant is guilty of a serious violent offense, the deduction is limited to four days per month. Section 33-2-34(A)(1). Where a defendant is convicted of homicide by vehicle in violation of NMSA 1978, Section 66-8-101 (2004), the district court may find that the offense was a serious violent one "when the nature of the offense and the resulting harm are such

that the court judges the crime to be a serious violent offense for the purpose of this section." Section 33-2-34(L)(4)(o). This Court has held that a serious violent offense for purposes of this section is one "committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747 (filed 2001).

In *State v. Scurry*, 2007-NMCA-064, 141 N.M. 591, 158 P.3d 1034, this Court addressed the nature of the findings a district court must make to support a finding of a serious violent offense. In that case, "[t]he district court found only that the offenses resulted in death, [the d]efendant had a prior [driving while under the influence (DWI)] conviction, and [the d]efendant's breath alcohol level was four times the legal limit." *Id.* ¶ 12. We stated, "[a]lthough these facts state the resulting harm required for vehicular homicide and may bear on the nature of the offense, we cannot ascertain from them [the d]efendant's intent or degree of recklessness without considerable inference." *Id.*

In the present case, the district court found as follows:

> The [c]ourt finds that due to the nature of this offense and the resulting harm this crime is a serious violent offense pursuant to [Section] 33-2-34 . . . . The grounds in support of this finding are: a) The resulting harm was death; and b) [t]he offense was committed with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm, in that . . . Defendant had two (2) prior arrests for DWI

3

with one (1) conviction. [RP 179]

The State's memorandum in opposition to our first calendar notice informed us that the district court had noted that Defendant's blood alcohol content (BAC) at the time of the accident was .20. [State's MIO 3-4 (unnumbered)] The judge had also noted that Defendant's BAC in a 2006 DWI arrest that did not result in a conviction was .18, and that in the 2000 incident for which he was convicted of DWI it was "above .16." [Id. at 4] All three BACs are at least twice the legal limit and grew worse over the approximately eight-year period between 2000 and 2008. *See* NMSA 1978, § 66-8-102(C)(1) (2008).

New Mexico cases have considered high BACs and the number of incidents over time as factors in the EMDA serious violent offense determination. The repeat arrests or convictions and high BACs tend to show that the defendants had or should have had the "knowledge" necessary to find "recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Morales*, 2002-NMCA-016, ¶ 16; *see, e.g.*, *State v. Worrick*, 2006-NMCA-035, ¶ 9, 139 N.M. 247, 131 P.3d 97 (the defendant's BAC was .25/.24, and he admitted to drinking to the point of intoxication twice a week, but denied needing alcohol abuse treatment); *State v. Montoya*, 2005-NMCA-078, ¶ 9, 137 N.M. 713, 114 P.3d 393 (.10 BAC four

4

hours after the accident, five DWI arrests with three convictions over fifteen-year period); *State v. Wildgrube*, 2003-NMCA-108, ¶¶ 37-38, 134 N.M. 262, 75 P.3d 862 (three previous arrests with two DWI convictions). *But see Scurry*, 2007-NMCA-064, ¶¶ 1, 3 (one prior conviction and BAC four times the limit, but remanded due to district court's failure to connect facts with EMDA requirements). In our first calendar notice, we noted the similarity between *Scurry* and the present case in both the factual settings and the written rulings of the district courts' orders. [CN 2-3] As discussed above, the State now informs us that the district court, in connection with the EMDA analysis, discussed Defendant's prior conviction and arrest, the BACs found for those incidents, and the manner in which the victim's death occurred. In the absence of findings, this Court may look to the district court's oral remarks, and we may construe those remarks to uphold the order. *Lopez v. LeMaster*, 2003-NMSC-003, ¶ 31, 133 N.M. 59, 61 P.3d 185 (filed 2002). In *Scurry*, we declined to make the "considerable inference" that would have been necessary to connect the facts to the defendant's intent or degree of recklessness. 2007-NMCA-064, ¶ 12. Where it is apparent, however, what led the district court to conclude that the offense was a serious violent one, we may make the necessary inference. In *Worrick*, we stated:

> Here, the district court did not specifically state that [the d]efendant acted with recklessness in the face of knowledge that his acts were

5

> reasonably likely to result in serious harm. However, the record supports this finding, and it is clear from the second and third numbered factors that the district court believed that [the d]efendant's actions were reckless in the face of knowledge that his acts were reasonably likely to result in serious harm.

2006-NMCA-035, ¶ 8 (citation omitted). Accordingly, we conclude that the district court's discussion of Defendant's previous DWI arrest and conviction and the BACs from those incidents and the present one sufficiently indicates that the court reasoned that Defendant should have known from those previous experiences that serious harm could result if he repeated such actions.

We conclude that a similar analysis applies to the requisite finding that the offense was committed in a physically violent manner. The State's memorandum in opposition informed us that the district court found that the victim died as a result of head trauma when Defendant made a left turn in front of the victim's motorcycle. [State's MIO 3-4 (unnumbered); DS 2] *Cf. Solano*, 2009-NMCA-098, ¶ 30 (finding offense was committed in a physically violent manner where the victim, riding a bicycle, was thrown over the top of a pickup truck and into its bed). Thus, although the judgment and sentence did not recite either a specific finding that the offense was committed in a physically violent manner or the specific details of the incident that led to this conclusion, the district court in fact discussed these matters at the hearing and, as we observed in our first calendar notice, may have believed the physically violent

manner in which the incident happened was self-evident.

**CONCLUSION**

For the reasons set forth above, we affirm the district court's ruling that the offense was a serious violent one for purposes of EMDA.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**