This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　　　**NO. 32,313**

**BRANT GREEN,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SIERRA COUNTY**
**Edmund H. Kase, III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Frechette & Associates PC
Todd B. Hotchkiss
Albuquerque, NM

for Appellant

# MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

Defendant appeals the district court's determination that his commission of third degree child abuse (no death or great bodily harm) was a serious violent offense as defined under NMSA 1978, Section 33-2-34(L)(4)(o) (2006) of the Earned Meritorious Deductions Act (EMDA). [DS 8; RP 247-249] We proposed to agree and to remand for reconsideration of Defendant's sentence in a notice of proposed summary disposition, and the State filed a memorandum in opposition to our proposed disposition. Having considered the arguments raised by the State in its memorandum and remaining unpersuaded, we reverse the district court's determination that Defendant's conviction for third-degree child abuse constitutes a serious violent offense and remand for reconsideration of Defendant's sentence.

As discussed in our notice of proposed summary disposition, the EMDA defines specific enumerated offenses that satisfy the definition of "serious violent offense." Section 33-2-34(L)(4). The charge of third degree child abuse is a "discretionary" crime in that it can qualify as a serious violent offense but requires the district court to consider "the nature of the offense and the resulting harm." Section 33-2-34(L)(4)(o). To designate Defendant's crime as a serious violent offense, the district court must determine that the crime was "committed in a physically violent manner

either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Morales*, 2002-NMCA-106, ¶ 16, 131 N.M. 530, 39 P.3d 747; *see State v. Lavone*, 2011-NMCA-084, ¶ 4, 150 N.M. 473, 261 P.3d 1105 (quoting *Solano* as to the findings required to be made by the district court); *State v. Solano,* 2009-NMCA-098, ¶ 10, 146 N.M. 831, 215 P.3d 769 (applying the *Morales* standard). The factual basis for the district court's designation of a serious violent offense must be reflected in that the court's findings, and we review the court's determination on this issue for an abuse of discretion. *See Solano*, 2009-NMCA-098, ¶¶ 7, 10.

In this case, we proposed to reverse the district court's designation because the record does not indicate that the district court made the requisite findings that Defendant acted either with an intent to do serious harm or with recklessness in the face of knowledge that his acts were reasonably likely to result in serious harm. *See Lavone*, 2011-NMCA-084, ¶ 4. [RP 247-249] Furthermore, the district court's oral findings during the sentencing hearing only indicate a finding that Defendant's conduct constituted physical harm to the victim. [DS 8; RP 245] The district court observed that Defendant's conduct could have caused the victim to harm herself, considering the words used and the manner in which they were said, in order for Defendant to get what he wanted. [RP 245, 249] Therefore, the district court

determined that the crime was accomplished in a "physically violent manner" because the words could have caused the victim to harm herself. [DS 8; RP 249]

These findings lack sufficient particularity on the intent or recklessness requirement of the EMDA. *See State v. Scurry*, 2007-NMCA-064, ¶¶ 12-14, 141 N.M. 591, 158 P.3d 1034 (holding that in the absence of findings that clearly indicate "the basis for the district court's conclusion that [the] [d]efendant acted with intent or recklessness in the face of knowledge" there were insufficient findings to support the district court's determination that the defendant's conviction for homicide by vehicle when driving while intoxicated was a serious violent offense under the EMDA); *cf. State v. Loretto*, 2006-NMCA-142, ¶¶ 17-18, 140 N.M. 705, 147 P.3d 1138 (holding that the district court failed to make the necessary findings to support its designation of the crime of criminal sexual contact of a minor as a serious violent offense in part because it failed to tie the circumstances of the crime or the defendant's conduct to the "intent or recklessness in the face of knowledge standard set out in *Morales*").

In its response to our proposal to reverse and remand, the State reviews the evidence before the district court including the factual basis for Defendant's plea to the child abuse and false imprisonment charges. [MIO 5] It then argues that the district court relied on the factual basis for the pleas and the surrounding circumstances which "clearly established grounds for finding that Defendant intended

4

to harm the victim." [MIO 6] *See Lavone*, 2011-NMCA-084, ¶ 9 (recognizing that "a district court is given broad discretion under the EMDA to consider all relevant factors").

Specifically, in addition to the information reviewed in our previous notice of proposed summary disposition, the State observes that there was evidence that Defendant was also convicted of several CSPM charges involving the same victim in a different county, and he admitted to his identity as the person convicted of CSPM and CSCM in the other county. [MIO 2] *Cf. id.* ¶ 19 (noting that in sentencing a defendant under the EMDA, the district court can consider "an almost limitless variety of information . . . includ[ing] facts that might have supported convictions for other, related crimes"). The State further notes that the factual basis for the false imprisonment charge was that Defendant

> did intentionally confine and restrain the victim without her consent and without lawful authority to do so by lying on top of her with his pelvic area on her face and she could not escape [his] hold.

[MIO 3] Moreover, the victim testified at sentencing as to the pain she suffered as a result of Defendant's crimes against her. [MIO 4]

Based upon this information, the State informs us that the district court found "the factual foundation, was physical violence. Had the [victim] not been stronger, it could have led to [her] suffering very serious emotional harm and possibly causing

5

her to harm herself." [MIO 5] It then argues that the factual basis and the surrounding circumstances, especially the fact that Defendant held the victim down so that she could not get away, were sufficient for the district court to conclude that Defendant intended to physically harm the victim or recklessly disregarded the likelihood that his words and actions would cause emotional harm which would result in further physical harm. [MIO 6-7] We disagree. While the information reviewed by the State in its memorandum in opposition may indeed constitute sufficient evidence to support a finding that Defendant committed a serious violent offense by supporting a finding that Defendant acted with the requisite intent or recklessness, in the absence of any such specific findings by the district court, the district court's determination of a serious violent offense may not be affirmed. *Cf. Lavone*, 2011-NMCA-084, ¶¶ 5-15 (addressing the sufficiency of the evidence to support the district court's findings on the EMDA requirements, not the adequacy of the findings themselves); *Scurry*, 2007-NMCA-064, ¶ 8 (recognizing the distinction between sufficient facts to support a serious violent offense determination and sufficiency of the district court's findings).

The State argues that the district court's failure to express its findings in terms of whether Defendant intended harm or recklessly disregarded the likelihood of harm, does not render its findings inadequate and cites to this Court's opinion in *Solano* as

6

support.  [MIO 7]  *Cf. Solano*, 2009-NMCA-098, ¶ 10 (noting that the district court need not express its findings in any particular language as long as the findings are consistent with the *Morales* standard).  We are unpersuaded.

In *Solano*, our Court considered whether the district court entered sufficient factual findings in support of the EMDA requirements.  However, consistent with the requirements of our case law, the district court in *Solano* specifically found "that the offense was committed in a physically violent manner with recklessness in the face of knowledge that his acts were reasonably likely to result in serious harm."  *Id.* ¶ 11.  There are no such specific findings by the district court in this matter and, therefore, we remain convinced that the district court's determination of a serious violent offense must be reversed.  *See Scurry*, 2007-NMCA-064, ¶¶ 12-14 (reversing the district court's designation of a vehicular homicide as a serious violent offense because findings that the accident resulted in death, that the defendant had a prior DWI conviction, and that the defendant's blood alcohol level was four times the legal limit were insufficient to qualify as a finding as to the defendant's intent or degree of recklessness); *Loretto*, 2006-NMCA-142, ¶¶ 19, 22 (reversing the designation of the CSCM as a serious violent offense and noting that "[t]he district court should have stated why [the] [d]efendant's acts involved physical violence, and how the acts were either done with knowledge that they were reasonably likely to result in serious harm,

7

or that the circumstances and acts constituted recklessness in the face of knowledge that the acts were reasonably likely to result in serious harm").

In short, the district court must find that the offenses were "committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Morales*, 2002-NMCA-016, ¶ 16. In this case, it failed to make the requisite findings. Thus, we reverse the district court's designation of Defendant's third degree child abuse conviction as a serious violent offense and remand for reconsideration of Defendant's sentence.

**CONCLUSION**

For the reasons set forth above as well as those set forth in our notice of proposed summary disposition, we reverse and remand because the district court has failed to enter sufficient findings in designating Defendant's conviction for third-degree child abuse as a serious violent offense.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**


_____
**J. MILES HANISEE, Judge**