This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41617**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTIAN ALONZO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM
Van Snow, Acting Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals the district court's determination that Defendant's conviction for abandonment of a child resulting in death was a serious violent offense, under the earned meritorious deductions statute (EMD), NMSA 1978, Section 33-2-34(L)(4)(o)(8) (2015). In this Court's notice of proposed disposition, we proposed to summarily reverse. The State has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we reverse.

**{2}**     The State's memorandum in opposition asserts that the district court's findings were adequate to support its determination that Defendant's conviction was a serious violent offense. [MIO 6] When making its decision, the district court verbally highlighted the "nature of the offense, and the nature of what caused [th victim] to die, and then the resulting harm." [MIO 3] The district court also listed the victim's injuries and opined that designating the crime as a serious violent offense was "not really a difficult decision." [CN 4; MIO 3] In listing the victim's injuries, the district court included partially-healed injuries that had occurred in the past. [MIO 3]

**{3}**     As noted in our proposed disposition, the district court was required to make "[e]xpress findings [to] demonstrate that the crime was committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *State v. Branch*, 2018-NMCA-031, ¶ 56, 417 P.3d 1141 (internal quotation marks and citation omitted). According to the State, a recklessness determination was implicit in the district court's findings regarding the victim's injuries, and such an inference satisfies the purposes for which findings are required—to inform Defendant of the factual basis on which his good time credit is being substantially reduced and to allow this Court to conduct meaningful appellate review. [MIO 5-6] We disagree. The State's memorandum in opposition has not identified any findings addressing Defendant's intent to do serious harm or his recklessness in the face of knowledge that serious harm would result. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 ("A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement.), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we conclude the district court's findings in this case failed to tie the victim's injuries to the "intent or recklessness in the face of knowledge standard" required by *State v. Morales*, 2002-NMCA-016, 131 N.M. 530, 39 P.3d 747, and its progeny. [CN 4] *See State v. Loretto*, 2006-NMCA-142, ¶¶ 14, 19, 140 N.M. 705, 147 P.3d 1138 (stating that the district court is required to make specific findings regarding both the nature of the offense and the resulting harm).

**{4}**     Furthermore, even assuming the State is correct in asserting that there is a basis for the necessary findings in this case, it is not for this court to make such findings for the first time on appeal. *See Branch*, 2018-NMCA-031, ¶ 56 ("Even where support exists in the record for the district court to make such a determination, it is up to the district court in the first instance to make the required findings."); *State v. Scurry*, 2007-NMCA-064, ¶ 6, 141 N.M. 591, 158 P.3d 1034 ("[T]he district court is required to explain its conclusions and findings and not leave it up to the appellate court either to speculate as to what the court relied on or to itself engage in judicial fact finding." (internal quotation marks and citation omitted)). Accordingly, though the district court's findings regarding the victim's injuries may bear on the nature of the offense, we cannot ascertain from them Defendant's intent or degree of recklessness without considerable inference. *See Scurry*, 2007-NMCA-064, ¶ 12 (concluding that findings might bear on the nature of the offense, but failed to indicate the basis for the district court's conclusion that the defendant acted with intent or recklessness); *see also Branch*, 2018-

NMCA-031, ¶ 56 (stating that the purpose of specific factual findings in this context is "to permit meaningful and effective appellate review of the [district] court's designation" (internal quotation marks and citation omitted)).

**{5}** The State also argues that we should overturn *Morales* and its progeny because the legal basis for the rule stated therein is "unclear" and not required by statute. [MIO 6] The State's argument, however, does not acknowledge that this Court's judicial obligation to follow precedent "lies at the very core of the judicial process of interpreting and announcing law." *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 33, 125 N.M. 721, 965 P.2d 305 (explaining the importance of stare decisis in the maintenance of a sound judicial system). Moreover, overturning precedent demands special justification, and the State does not explain how the law has developed or facts have changed since we decided *Morales*. *See id.* ¶ 34 (discussing the special justification necessary to depart from prior precedent). Accordingly, we have no basis for overruling *Morales* and decline the State's request to do so.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we reverse the district court's designation of child abandonment resulting in death as a serious violent offense and remand for sentencing in accordance with the EMD.

**{7}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**