This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40121

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LUIS LEDESMA-LOZANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Jared G. Kallunki, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}**     Defendant Luis Ledesma-Lozano was convicted by a jury of criminal sexual penetration in the third degree (CSP III), contrary to NMSA 1978, Section 30-9-11(F) (2009). Defendant does not challenge his conviction in this appeal. Instead, Defendant challenges the district court's designation of his conviction for CSP III as a serious violent offense for purposes of New Mexico's Earned Meritorious Deductions Act (the EMDA), NMSA 1978, § 33-2-34 (2015). Concluding the district court failed to provide

sufficient findings related to its serious violent offense designation as required by Section 33-2-34(L)(4)(o) and *State v. Morales*, 2002-NMCA-016, ¶ 16, 131 N.M. 530, 39 P.3d 747, *abrogated on other grounds by State v. Frawley*, 2007-NMSC-057, 143 N.M. 7, 172 P.3d 144, and the cases that have followed it, we reverse and remand for resentencing of Defendant.

**DISCUSSION**[1]

**{2}**    In his brief in chief, Defendant argues that the district court's designation of CSP III as a serious violent offense should be reversed for two reasons: (1) the district court failed to make the required findings; and (2) the evidence at trial did not support a conclusion that the offense was committed in a physically violent manner. However, in his reply brief, Defendant clarified that "[Defendant] has not asked this Court for a determination that the district court's findings were formally inadequate. Instead, [Defendant] challenges the sufficiency of the evidence to support the serious violent offense determination." Accordingly, we consider only his sufficiency challenge.

**{3}**    Even though Defendant has clarified the basis for his appeal, we cannot evaluate an insufficiently explained serious violent offender designation for sufficient evidence. *See State v. Branch*, 2018-NMCA-031, ¶ 57, 417 P.3d 1141 ("[T]he standard is not whether there is sufficient evidence in the record to support the district court's unexplained conclusion. The standard is a bright line that requires the district court to explain its conclusions." (internal quotation marks and citation omitted)); *State v. Scurry*, 2007-NMCA-064, ¶ 4, 141 N.M. 591, 158 P.3d 1034 ("*If the findings comply with the EMDA*, we then engage in a substantial evidence review in which we indulge all inferences in favor of the district court's determination to determine whether the evidence supports the district court's findings." (emphasis added)).

**{4}**    We review the district court's designation of a crime as a serious violent offense for an abuse of discretion. *See State v. Solano*, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769. A court abuses its discretion when "it acts contrary to law" and "when its decision is not supported by substantial evidence." *Id.* (internal quotation marks and citations omitted). "Thus, we review the district court's findings and subsequent serious violent offender designation for sufficient evidence[ and] for legal error." *Id.* (internal quotation marks and citation omitted).

**{5}**    "The EMDA provides that prisoners convicted of serious violent offenses may earn only four (as opposed to thirty) days per month of good time credit for time served in our state prisons."[2] *Branch*, 2018-NMCA-031, ¶ 55 (citing Section 33-2-34(A)(1), (2)).

1Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

2While it appears that Defendant has completed the original term of incarceration imposed by the district court's sentence and is now on parole, the serious violent offense designation could affect Defendant's ability to earn meritorious deductions in the event he is incarcerated following revocation of parole. *See* § 33-2-34(A)(4).

The EMDA "divides serious violent offenses into two categories: (1) an enumerated list of crimes, such as second degree murder, that are serious violent offenses as a matter of law; and (2) several additional offenses that the district court may determine to be serious violent offenses *due to the nature of the offense and the resulting harm*." *Id.* (emphasis added) (internal quotation marks and citation omitted). CSP III falls within the second category. Section 33-2-34(L)(4)(o)(11).

**{6}** In *Morales*, because there "are . . . differences in the ways of committing the offenses listed in Section 33-2-34(L)(4)[(o), including CSP III,] and a trial judge must have some way of measuring which ways amount to serious violent offenses and which do not," 2002-NMCA-016, ¶ 16, this Court concluded that our Legislature reserved the designation of a serious violent offense for only those offenses "found by the trial judge to be committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Id.*

**{7}** The designation of a crime as a serious violent offense will significantly affect the length of a defendant's actual prison term. Therefore, "it is important that the court *make specific findings* both to inform the defendant being sentenced of the factual basis on which his good time credit is being substantially reduced, and to permit meaningful and effective appellate review of the court's designation." *Branch*, 2018-NMCA-031, ¶ 56 (emphasis added) (internal quotation marks and citation omitted). Additionally, the district court's findings in support of its designation of a crime as a serious violent offense must be express. *See id.* (stating that "[e]*xpress findings* must demonstrate that the crime was committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm" (emphasis added) (internal quotation marks and citation omitted)). "[I]t is for the [district] court in the first instance to make the required findings." *Morales*, 2002-NMCA-016, ¶ 18. This is true "[e]ven where support exists in the record for the district court to make such a determination." *Branch*, 2018-NMCA-031, ¶ 56. With the foregoing in mind, we turn to the findings made by the district court in this case.

**{8}** At the sentencing hearing, the State asked that Defendant's conviction be considered a serious violent offense for purposes of the EDMA. When announcing its sentence, the district court noted the following: (1) the victim was a family friend to Defendant; (2) as such, Defendant took advantage of a person who trusted he would be a safe person; (3) there was "a lot of damage . . . done" by Defendant's actions; and (4) Defendant's conduct was "unfortunate," "painful," "horrible," and "humiliating" to the victim. As to the serious violent offense determination, the district court specifically stated,

> I will find that due to the nature and circumstances and the resulting harm—the harm emotionally—the harm—the terror—that was caused by your actions to [the victim]—the process that she's had to go through in absorbing, understanding what happened, trying to deal with the trauma

that has been dealt to her—I will find that that does constitute a serious violent offense.

The district court's written judgment and sentence contained no additional findings supporting the serious violent offense designation.

**{9}** Here, unlike a number of other cases that have come before us, the district court did articulate its reasons for designating the CSP III conviction a serious violent offense. *See id.* ¶ 58 (concluding that the district court's "judgment and sentence contains only the same run-of-the-mill explanation—'due to the nature of the offense and the resulting harm'—that frequently causes us to remand cases for additional factfinding" and citing to other cases remanded for similar deficiencies). However, the district court focused its relevant findings on the mental and emotional harm suffered by the victim and the circumstances surrounding Defendant's actions. Noticeably absent from the district court's reasoning were any factual findings relevant to whether Defendant committed the CSP III for which Defendant was convicted in a "physically violent manner." *See id.* ¶ 56 (stating that "[e]*xpress findings must demonstrate that the crime was committed in a physically violent manner* either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm" (emphasis added) (internal quotation marks and citation omitted)). The absence of any findings related to Defendant's commission of the CSP III in a physically violent manner in this case is determinative. We explain.

**{10}** We note that this Court has analyzed "physically violent manner" as relating to the nature of the offense, *State v. Loretto*, 2006-NMCA-142, ¶ 17, 140 N.M. 705, 147 P.3d 1138, and has stated that "the term 'physically violent manner' includes the intentional use of force that results in some harm." *Solano*, 2009-NMCA-098, ¶ 17. However, "[i]nasmuch as the list of offenses [that may qualify as serious violent offenses] includes several that result in death, which can be viewed as the greatest harm imaginable, the [L]egislature could not have intended amount of harm alone to qualify an offense as a serious violent one." *Morales*, 2002-NMCA-016, ¶ 13. What's more, in *Loretto*, while pointing out that the district court there failed to specify how the defendant committed the crime in a "physically violent manner," we clarified that "[s]omething more than the mere elements in the definition of [CSP III] need to be shown to designate the crime as a serious violent offense." 2006-NMCA-142, ¶¶ 17-18.

**{11}** Here, based on the express findings that appear to be limited to mental harm suffered by the victim, we would have to draw considerable inferences to conclude that the district court found Defendant acted in a "physically violent manner" as required by *Morales*, 2002-NMCA-016. Consequently, we conclude that the district court's serious violent offense designation findings are insufficient. *See Scurry*, 2007-NMCA-064, ¶ 6 (stating "the district court's findings must describe the manner in which the offense was committed to qualify it as a serious violent offense" and "the district court's findings must demonstrate how the defendant's acts amounted to an offense committed in a physically violent manner" (internal quotation marks and citation omitted)). On remand, the district court should expressly state "why Defendant's acts involved *physical*

*violence,* and how the acts were either done with knowledge that they were reasonably likely to result in serious harm, or that the circumstances and acts constituted recklessness in the face of knowledge that the acts were reasonably likely to result in serious harm." *Loretto*, 2006-NMCA-142, ¶ 19 (emphasis added). Because we have concluded that the district court's findings were insufficient, we need not determine whether the district court's findings were supported by sufficient evidence. *See Scurry*, 2007-NMCA-064, ¶ 4 ("Because the district court's findings in this case are insufficient as a matter of law, we need not review the evidence.").

## CONCLUSION

**{12}** For the reasons stated above, we reverse the district court's designation of Defendant's conviction for CSP III as a serious violent offense. We remand to the district court for resentencing of Defendant for the district court to determine whether Defendant's conviction for CSP III qualifies as a serious violent offense pursuant to Section 33-2-34(L)(4)(o)(11), *Morales*, and consistent with this opinion.

**{13} IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**