2006-NMCA-088

140 P.3d 547

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Gabriel AYALA, Defendant–Appellant.**

**No. 25,574.**

Court of Appeals of New Mexico.

June 1, 2006.

Certiorari Denied, No. 29,870, July 21, 2006.

Patricia A. Madrid, Attorney General, James W. Grayson, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Karl Erich Martell, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant appeals his sentence following a plea agreement where he pleaded guilty to seven counts of child abuse: three first degree and four third degree. In his plea agreement, he agreed that two first degree counts could run either consecutively or concurrently, with the remaining counts running concurrent to the sentence imposed for those two. He now appeals the district court's determination that his crimes constituted serious violent offenses under the Earned Meritorious Deduction Act (EMDA). *See* NMSA 1978, § 33–2–34 (2004). He also asserts on appeal that his consecutive sentences on the two first degree counts violate double jeopardy. Finding no merit in his contentions, we affirm the district court.

## BACKGROUND

{2} When Defendant pleaded guilty, the terms of his agreement were explained to him, and he acknowledged his understanding that he could be given a sentence of eighteen years to thirty-six years imprisonment. Defendant presented evidence at his sentencing that he had been severely sleep-deprived during the time he injured his daughter. Numerous family members testified on his behalf, and the district court noted that his two older children had suffered no abuse by him, all of which the district court considered when it found mitigating circumstances that resulted in reducing Defendant's sentence on Count I from eighteen years to twelve years. The district court sentenced Defendant to eighteen years on Count II, and ran the terms of incarceration for each count consecutively. In addition, the district court found that the crimes were serious violent offenses triggering the EMDA, substantially reducing Defendant's eligibility for good-time credit in prison. Defendant moved the district court to modify his sentence, asserting that it could

not have made the determination that the offenses were serious violent offenses solely "on the basis of the facts ... admitted by the defendant." *See Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (emphasis omitted). The district court denied the motion, and Defendant took this timely appeal. Defendant asserts for the first time on appeal that the consecutive sentences violate his double jeopardy protections.

## DISCUSSION

### Loss of Good Time Under the EMDA Does Not Constitute an Enhancement of a Sentence

{3} Defendant recognizes that finding that a crime is a serious violent offense under the EMDA results in more time served, and does not constitute an enhancement of his sentence triggering the constitutional requirement of a jury trial. *See State v. Morales*, 2002–NMCA–016, ¶¶ 5, 11, 131 N.M. 530, 39 P.3d 747; *see also State v. Worrick*, 2006–NMCA–035, ¶¶ 15–17, 139 N.M. 247, 131 P.3d 97, *cert. granted*, 2006–NMCERT–3, 139 N.M. 353, 132 P.3d 1039; *State v. Montoya*, 2005–NMCA–078, ¶¶ 11–15, 137 N.M. 713, 114 P.3d 393.

### Mitigation of Sentence Does Not Give Rise to Assuming a Crime Is Not a Serious Violent Offense

{4} Defendant contends that the district court found mitigating factors that caused it to reduce his sentence and that there was therefore insufficient evidence from which the district court could find that the crime was a serious violent offense. While recognizing that this argument raises a previously unaddressed juxtaposition between similar judicial processes, we reject this argument. This issue did not arise in *State v. Bravo*, 2006–NMCA–019, 139 N.M. 93, 128 P.3d 1070, *cert. granted*, 2006–NMCERT–2, 139 N.M. 340, 132 P.3d 597. There, the defendant contested the application of the EMDA to her sentence for first degree child abuse resulting in death, but did not invoke the factors that resulted in her sentence's being two years below the basic sentence. *Id.* ¶¶ 20, 22.

{5} Defendant claims that the facts as found by the district court do not support its determination of first degree child abuse as a serious violent offense. We treat this as a sufficiency of evidence claim and review it for an abuse of discretion. *See State v. Wildgrube*, 2003–NMCA–108, ¶ 38, 134 N.M. 262, 75 P.3d 862 (holding that the district court does not abuse its discretion when its application of the EMDA is supported by substantial evidence).

{6} Mitigation of an offense concerns not the nature of the offense itself, but the manner of its commission. A district court must hold a sentencing hearing to determine the existence of "mitigating or aggravating circumstances" that justify a departure of up to one-third from the basic sentence applicable to the crime. *See* NMSA 1978, § 31–18–15.1 (1993). NMSA 1978, § 31–18–15(F) (2005), requires that upon the imposition of any sentence for a felony offense, a district court must indicate whether or not the offense is a serious violent offense under the EMDA. Aggravating or mitigating circumstances, according to our Supreme Court, include "unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation." *State v. Segotta*, 100 N.M. 498, 501, 672 P.2d 1129, 1132 (1983); *see also State v. Whitaker*, 110 N.M. 486, 489–91, 797 P.2d 275, 278–80 (Ct.App.1990). On the other hand, a "serious violent offense" is defined by statute to include a number of specific offenses and other offenses, including child abuse, "when the *nature of the offense* and the resulting harm are such that the court judges the crime to be a serious violent offense." Section 33–2–34(L)(4)(n) (emphasis added). Furthermore, aggravation and mitigation serve to reduce or increase a defendant's sentence, whereas we have held that the EMDA does not change the defendant's sentence. *See Montoya*, 2005–NMCA–078, ¶ 14, 137 N.M. 713, 114 P.3d 393.

{7} Granted, there are instances, including the present case, where the evidence may appear to overlap, but this does not presume that factors that support mitigating a defen-

dant's sentence alter the "nature of the offense" itself. Section 33–2–34(L)(4)(n). In this case, the district court found that sleep deprivation, and other characteristics of Defendant himself, justified mitigating his sentence. These factors say nothing about the qualities of the crime. The nature of the offense and the resulting harm are issues different from the imposition of a sentence and the evaluation of mitigating factors. In *State v. Cooley,* 2003–NMCA–149, 134 N.M. 717, 82 P.3d 84, the defendant asserted that the district court must find that he actually intended to seriously harm the victim. We rejected that idea and pointed out that under *Morales,* we consider a serious violent offense to be either an intentional act or a reckless act committed in a physically violent way that results in serious physical harm. *Cooley,* 2003–NMCA–149, ¶ 18, 134 N.M. 717, 82 P.3d 84; *see also State v. Schoonmaker,* 2005–NMCA–012, ¶ 36, 136 N.M. 749, 105 P.3d 302, *cert. granted,* 2005–NMCERT–1, 137 N.M. 17, 106 P.3d 579; *Morales,* 2002–NMCA–016, ¶ 16, 131 N.M. 530, 39 P.3d 747 (holding that proof of actual knowledge of what harm will result is not required to find that a crime is a serious violent offense).

{8} In this case, Defendant does not contest the extent of his daughter's injuries, which included three skull fractures, eight broken ribs, a broken fibula, and numerous bruises. He admitted that he inflicted injuries on at least three occasions, possibly four. The district court found that it was unlikely his daughter would ever fully recover from her injuries. Additionally, the district court found that owing to the fact that Defendant's daughter was two months old, she was helpless during the abuse, and that Defendant had attempted to cover up his actions and their effects. These findings are sufficient to establish a serious violent offense as contemplated under the EMDA. The existence of mitigating factors concerning the manner in which a crime was committed are separate from the determination that the offense is a "serious violent offense."

**Double Jeopardy Does Not Apply to Counts I and II**

{9} Defendant asserts that his conduct was sufficiently unitary to preclude consecutive sentences under double jeopardy. We hold that the bare facts of three skull fractures, eight broken ribs, a broken fibula, and bruises, when taken with Defendant's admission of striking the child on three occasions, support a finding that the acts producing the injuries were sufficiently discrete as to allow consecutive sentences. *See Swafford v. State,* 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991). Even if Defendant had not specifically agreed to the possibility of consecutive sentences as part of his plea bargain, he has not pointed to sufficient facts in the record for us to adequately review such a claim. *See State v. Sanchez,* 1996–NMCA–089, ¶¶ 10–11, 122 N.M. 280, 923 P.2d 1165 (holding that a defendant who pleads guilty must present a record capable of review for this Court to engage in unitary conduct double jeopardy review).

## CONCLUSION

{10} We therefore affirm the district court in all respects.

{11} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and IRA ROBINSON, Judges.