This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 27,429**

**MICHAEL BROWNING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Michael Browning (Defendant) appeals his conviction for child abuse resulting

in death or great bodily harm, contrary to NMSA 1978, Section 30-6-1(D) (2001) (amended through 2009). Defendant raises six issues on appeal: (1) the district court abused its discretion in denying Defendant's motion for a change of venue; (2) the district court abused its discretion in ruling that certain statements were inadmissible hearsay; (3) the jury instruction on child abuse resulting in death improperly incorporated a civil negligence rather than a criminal negligence standard; (4) the district court erred by concluding that it had no discretion to mitigate Defendant's basic sentence; (5) Defendant received ineffective assistance of counsel; and (6) cumulative error denied Defendant a fair trial. We conclude that (1) the district court acted within its discretion in denying Defendant's motion for a change of venue; (2) the record does not support Defendant's argument regarding the district court's hearsay ruling; (3) the jury instruction on child abuse resulting in death properly incorporated a criminal negligence standard; (4) the district court erred by concluding that it had no discretion to mitigate Defendant's basic sentence; (5) Defendant did not establish a prima facie case for ineffective assistance of counsel; and (6) no cumulative error occurred. Consequently, we affirm Defendant's conviction, but we remand to the district court for resentencing in accordance with this opinion.

**BACKGROUND**

We briefly summarize the facts relevant to resolving the issues raised on appeal

and will provide additional facts in our analysis of each issue. On July 1, 2004, Defendant was indicted on one count of child abuse resulting in the death or great bodily harm of S.B. (Victim), a child under the age of eighteen years. Victim was born prematurely on January 20, 2004. The incident allegedly occurred in Doña Ana County on June 11, 2004, while Defendant, Terry Torrison (Victim's grandmother), and W.S. (Victim's mother's son) were at home with Victim. Defendant testified that Victim began choking while he was feeding her and that he subsequently administered infant CPR. The only witness to the incident was W.S., who was then four years old. Victim was hospitalized on the day of the incident and remained hospitalized until her death on July 24, 2004.

Both Defendant and W.S. were questioned following the incident. W.S.'s statement was taken during a safe house interview on June 14, 2004, and Defendant's statement was taken on June 15, 2004. Defendant subsequently filed a motion in limine to exclude W.S.'s statement, which was never expressly ruled upon by the district court. Additionally, Defendant unsuccessfully moved for a change of venue on grounds that Defendant could not receive a fair trial in Doña Ana County due to the publicity regarding his case and the issue of child abuse in general.

At trial, both parties' expert witnesses testified that Victim's cause of death was blunt force trauma. The State's expert opined that the manner of Victim's death was

homicide, but Defendant's expert opined that the manner of death was uncertain due to Victim's preexisting conditions related to her premature birth. Following a competency determination by the district court, W.S. also testified at trial. W.S.'s earlier statement that was given during the safe house interview was admitted for impeachment purposes. Defendant was convicted of child abuse resulting in death or great bodily harm, and he was sentenced to eighteen years imprisonment followed by five years parole. Defendant now appeals both his conviction and sentence.

**DISCUSSION**

**Change of Venue**

Defendant argues that the district court abused its discretion by denying his motion for a change of venue. Defendant moved for a change of venue on February 17, 2006, alleging that Defendant could not receive a fair trial in Doña Ana County due to the extensive publicity surrounding the issue of child abuse in general and specific publicity regarding Defendant's case.

At the hearing on Defendant's motion, Defendant argued that the publicity in Doña Ana County regarding child abuse had polarized the community such that the community would not be able to overcome its basic repugnance to Defendant's charge and give him a fair trial. The State responded that based upon answers to a juror questionnaire, 89 of the 205 prospective jurors had been excused. Of the remaining

4

jurors, 27 prospective jurors indicated that they thought they knew something about the case, but only one prospective juror was able to state a fact about the case. In response, the district court denied Defendant's motion for a change of venue. The court reasoned that even after excusing for cause any persons who had knowledge of the case, over 100 prospective jurors remained. The court further reasoned that it had no evidence demonstrating that the court could not select a fair and impartial jury from that jury pool. Finally, the court stated that it would remind the jury pool to avoid any publicity regarding the case.

During voir dire, both the district court and the State questioned prospective jurors regarding whether they had heard about the case from news media or any other source. Six prospective jurors responded that they had seen a newspaper article about the case. Five of those prospective jurors ultimately stated that they could disregard what they had heard and listen to the evidence with an open mind. The parties later agreed to excuse one of those prospective jurors for cause, but the record does not reflect the reason for his excusal. Another prospective juror who had heard about the case indicated that it would be difficult to be impartial, and the parties later agreed to excuse him for cause without stating a reason for his excusal on the record. Defense counsel did not either move to excuse for cause or use peremptory challenges to excuse any of the remaining jurors who had heard about the case through pretrial

publicity. Ultimately, none of the prospective jurors who had been exposed to pretrial publicity were selected for Defendant's jury.

We review the district court's denial of Defendant's motion for a change of venue for an abuse of discretion. *State v. Vasquez*, 2010-NMCA-041, ¶ 35, 148 N.M. 202, 232 P.3d 438, *cert. denied,* 2010-NMCERT-004, 148 N.M. 572, 240 P.3d 659. "The [district] court's discretion in this matter is broad and will not be disturbed on appeal unless a clear abuse of that discretion can be demonstrated." *State v. Barrera*, 2001-NMSC-014, ¶ 11, 130 N.M. 227, 22 P.3d 1177 (internal quotation marks and citation omitted). As the party opposing the district court's venue determination, Defendant bears the burden of establishing an abuse of discretion. *Id.*

"A [district] court's decision to grant a change of venue may be based on either a presumption that prospective jurors are prejudiced or on evidence of actual juror prejudice." *Vasquez*, 2010-NMCA-041, ¶ 36. We further recognize that "[e]xposure of venire members to publicity about a case by itself does not establish prejudice or create a presumption of prejudice." *State v. Chamberlain*, 112 N.M. 723, 726, 819 P.2d 673, 676 (1991). If a district court determines that a movant failed to demonstrate presumed prejudice and proceeds with voir dire, we limit our review to evidence of actual prejudice. *Barrera*, 2001-NMSC-014, ¶ 16. "A finding of no actual prejudice following voir dire, if supported by substantial evidence, necessarily

6

precludes a finding of presumed prejudice." *Id.* A district court has determined that no actual prejudice exists when it impanels a jury following voir dire. *Vasquez*, 2010-NMCA-041, ¶ 37. Here, the district court denied Defendant's motion for a change of venue and proceeded with voir dire, after which a jury was impaneled from that jury pool. Because the district court determined that no actual prejudice existed by impaneling a jury following voir dire, our review is limited to whether the district court abused its discretion in determining that no actual prejudice existed.

We conclude that substantial evidence supports the district court's determination that the impaneled jurors did not demonstrate actual prejudice. Defendant does not argue on appeal that any of the impaneled jurors exhibited actual prejudice. Moreover, none of the six remaining prospective jurors who had been exposed to pretrial publicity were selected as members of Defendant's jury. Because Defendant did not identify any impaneled jury member who indicated an inability to be impartial, Defendant failed to demonstrate actual prejudice. *See id.* ¶ 38 (holding that where the defendant did not identify any individual selected to serve on the jury who indicated an inability to be impartial, the defendant failed to demonstrate actual prejudice).

In a similar case, the defendant argued that pretrial publicity would negatively impact her ability to secure an impartial jury on child abuse related charges occurring

7

during the same time period as Defendant's charges. *See Vasquez*, 2010-NMCA-041, ¶¶ 1, 7, 32 (appealing the district court's denial of a motion for a change of venue in Doña Ana County on a charge of negligently permitting child abuse resulting in death). This Court affirmed the district court's denial of the defendant's motion for a change in venue in *Vasquez* since no actual prejudice was demonstrated. *Id.* ¶ 38. We conclude that Defendant failed to demonstrate actual prejudice, and we affirm the district court's denial of Defendant's motion for a change of venue.

**Hearsay Ruling**

Defendant argues that the district court abused its discretion by ruling that Ms. Torrison's testimony regarding statements made by Victim's doctors in W.S.'s presence was inadmissible hearsay. Specifically, Defendant contends that the statements were improperly excluded since they were offered to show their effect on W.S. and not for their truth. *See* Rule 11-801(C) NMRA. Defendant argues that overhearing the doctors' statements may have been the reason for W.S.'s statement that Defendant "struck" the victim. We review the district court's rulings regarding the admission of evidence for an abuse of discretion. *State v. Martinez*, 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894.

We conclude that the record does not support Defendant's argument because the district court actually allowed Ms. Torrison's testimony regarding the doctors'

statements on the basis that it was non-hearsay. When Defendant asked Ms. Torrison if she recalled the "gist" of the conversation with Victim's doctors, the State objected on hearsay grounds. Defendant argued that the statements were not being offered for their truth, and the district court stated that it would allow the testimony if Defendant could lay a proper foundation. After Ms. Torrison testified that she and W.S. were both present for the conversation, Defendant asked if she recalled what the doctors said. The State again objected on hearsay grounds, and the district court sustained the objection but ruled that Defendant could inquire as to what Ms. Torrison understood the information to be based upon what she heard. The court clarified that Defendant could also ask Ms. Torrison what the doctors said if Defendant could lay a proper foundation that she remembered their words verbatim. Defendant subsequently questioned Ms. Torrison regarding her understanding of the cause of Victim's injury based on the conversation, the State objected, and the district court overruled the objection. Ms. Torrison subsequently testified that the doctors believed that Victim's injury was caused by blunt force trauma and that Defendant had caused that injury. The district court later clarified that it had admitted Ms. Torrison's testimony regarding the doctors' statements on the basis that it was non-hearsay.

As a result, we conclude that Defendant's argument is not supported by the record since the district court actually admitted Ms. Torrison's testimony regarding

the doctors' statements on the basis that it was non-hearsay. To the extent that Defendant argues that the district court improperly prevented the doctors' actual statements from being heard, we conclude that the court did not abuse its discretion in the absence of a foundation showing that she recalled the exact statements.

**Jury Instruction**

Defendant argues that the uniform jury instruction for intentional or negligent child abuse resulting in death improperly incorporated a civil negligence standard rather than a criminal negligence standard. Specifically, Defendant argues that the definition for "reckless disregard" improperly permitted the jury to find Defendant guilty if Defendant knew or *should have known* his actions created a substantial and foreseeable risk.

"The standard of review we apply to jury instructions depends on whether the issue has been preserved." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Although Defendant objected to the pertinent jury instruction on grounds that it allegedly allowed the jury to return a non-unanimous verdict with regard to the act and mens rea, Defendant failed to preserve the issue of whether the instruction improperly incorporated a civil negligence standard. *See State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 (concluding that preservation requires either tendering a legally correct jury instruction or demonstrating in the

10

record that the district court clearly understood the type of instruction that the party was seeking and that the tendered instruction needed to be modified in order to correctly state the law).  Absent proper preservation, we review the issued instruction for fundamental error.  *Benally*, 2001-NMSC-033, ¶ 12.

In accordance with Uniform Jury Instruction No. 14-602, the jury was instructed that in order to find Defendant guilty of child abuse resulting in death or great bodily harm, the State was required to prove the following elements beyond a reasonable doubt:

> 1. [Defendant] caused [Victim] to be placed in a situation which endangered the life or health of [Victim] or tortured or cruelly confined or cruelly punished [Victim];
>
> 2. The [D]efendant acted intentionally or with reckless disregard.  To find that [Defendant] acted with reckless disregard, you must find that [Defendant] knew or *should have known* [his] conduct created a substantial and foreseeable risk,  [Defendant] disregarded that risk and [D]efendant was wholly indifferent to the consequences of the conduct and to the welfare and safety of [Victim];
>
> 3. [Defendant's] actions resulted in the death of [Victim];
>
> 4. [Victim] was under the age of [eighteen];
>
> 5. This happened in New Mexico on or about the 11th day of June, 2004.

UJI 14-602 NMRA (emphasis added).

In *State v. Chavez*, the defendant similarly argued that Uniform Jury Instruction Nos. 14-602 and 14-603 improperly permitted conviction for negligent child abuse

11

based upon a civil negligence standard rather than a criminal negligence standard. 2007-NMCA-162, ¶¶ 14, 17, 143 N.M. 126, 173 P.3d 48. After examining jury instructions with a definition for "reckless disregard" that was nearly identical to the instructions issued in Defendant's case, this Court held that the instructions properly incorporated a criminal negligence standard. *See id.* ¶¶ 17-18 (affirming the district court's issuance of an instruction that stated "to find that [the d]efendant acted with reckless disregard, the jury must find that [the d]efendant knew, or *should have known*, her conduct created a substantial and foreseeable risk." (emphasis added)). This Court reasoned that "criminal negligence encompasses objective or subjective knowledge of the risk, *i.e.*, knew or should have known[.]" *Id.* ¶ 19. We similarly hold that the jury instruction issued in Defendant's case properly incorporated a criminal negligence standard. As a result, we conclude that there was no error, and we affirm the district court on this issue.

**Mitigation of Defendant's Sentence**

Defendant argues that the district court erred in concluding that it had no discretion to mitigate Defendant's basic sentence and failing to consider mitigating evidence. The State concedes that the district court erred in concluding that it had no discretion to mitigate Defendant's sentence, but argues that the district court considered mitigating evidence and did not abuse its discretion by not mitigating

Defendant's sentence.

Prior to sentencing, Defendant asked for a continuance on grounds that he needed time to prepare and have witnesses present. The district court responded,

By way of mitigation, frankly, particularly in light of this week's United States Supreme Court ruling regarding the ability of the court to either aggravate or to mitigate, without the evidence having been presented to the jury and/or raised within the criminal indictment, . . . there is no room for the court in sentencing in this case to either aggravate nor mitigate.

It is undisputed that the district court was referring to *Cunningham v. California*, 549 U.S. 270 (2007). Although Defendant argued that the N.M. Supreme Court had not yet ruled on the issue, the district court further concluded that it was bound by the U.S. Supreme Court. Consequently, the district court immediately proceeded to sentencing. The district court noted that the pre-sentence report and recommendation from the adult probation office was helpful but not binding on the court. Although the district court also gave an opportunity for witnesses to speak on Defendant's behalf, the court noted that Defendant might not wish to present witnesses given the nature of the proceedings. Defendant responded that although multiple witnesses were present who wished to speak on Defendant's behalf, Defendant would not present witnesses since the district court had determined that it had no discretion in sentencing.

Based upon Defendant's conviction for child abuse resulting in death or great

13

bodily harm, the district court sentenced Defendant to the basic sentence of eighteen years imprisonment for a first degree felony, followed by five years of parole. *See* § 30-6-1(D) ("If the abuse results in great bodily harm or death to the child, [the defendant] is guilty of a first degree felony."); *see also* NMSA 1978, § 31-18-15(A)(1) (2003) (amended through 2007) (stating that the basic sentence for a first degree felony is eighteen years imprisonment).

We generally review a district court's sentencing determinations for an abuse of discretion. *Vasquez*, 2010-NMCA-041, ¶ 41. However, we conduct a de novo review of the district court's application of the law to the facts. *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232. A de novo standard of review applies where an otherwise discretionary decision of the district court is premised upon the court's misapprehension of the law. *Id.* As a result, we review de novo whether the district court erred in determining that it lacked discretion to mitigate Defendant's sentence.

NMSA 1978, § 31-18-15.1(A) (1993) (amended 2009), required the district court to "hold a sentencing hearing to determine the existence of mitigating or aggravating circumstances that justify a departure of up to one-third from the basic sentence applicable to the crime." *State v. Ayala*, 2006-NMCA-088, ¶ 6, 140 N.M. 126, 140 P.3d 547 (internal quotation marks omitted). However, the district court had

14

no obligation to depart from the basic sentence because mitigation "depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant." *Vasquez*, 2010-NMCA-041, ¶ 40 (internal quotation marks and citation omitted).

Based upon the U.S. Supreme Court's decision in *Cunningham*, the district court determined that it had no discretion to mitigate Defendant's sentence without any mitigating evidence having first been presented to the jury. *See Cunningham*, 549 U.S. 270. However, our N.M. Supreme Court has subsequently interpreted *Cunningham* to signify that although a district court may not *aggravate* a defendant's basic sentence without a jury first finding aggravating factors beyond a reasonable doubt, a district court retains the discretion to *mitigate* a defendant's basic sentence. In *Frawley*, the Court interpreted *Cunningham* to mean that "the Sixth Amendment is violated *any time* a defendant is sentenced *above* what is authorized *solely* by the jury's verdict alone." *State v. Frawley*, 2007-NMSC-057, ¶ 23, 143 N.M. 7, 172 P.3d 144 (second emphasis added). Instead, *Frawley* held that "a jury and not a trial judge must find *aggravating* circumstances beyond a reasonable doubt." *Id.* ¶ 36 (emphasis added). The Court held that the 1993 version of Section 31-18-15.1 was facially unconstitutional because it required the judge rather than the jury to find aggravating circumstances, and further held that its holding should be applied prospectively.

15

*Frawley*, 2010-NMSC-057, ¶¶ 25, 27, 44. Although *Frawley* did not specifically address mitigation issues, the Court recognized that "[a]ll that has changed is that the jury, not the judge, must find the facts necessary to aggravate a sentence." *Id.* ¶ 41.

In *State v. Juan*, the Court clarified that the district court has the authority to alter the basic sentence for noncapital felonies "if the [district] court finds any *mitigating* circumstances surrounding the offense or concerning the offender." 2010-NMSC-041, ¶ 42, 148 N.M. 747, 242 P.3d 314 (emphasis added) (internal quotation marks and citation omitted). In *Juan*, the defendant appealed the district court's failure to consider mitigating evidence pursuant to Section 31-18-15.1 based upon its determination that it lacked discretion to mitigate a life sentence. 2010-NMSC-041, ¶ 35. Our Supreme Court held that the district court "improperly failed to consider mitigating evidence at [the defendant's] sentencing hearing pursuant to Sections 31-18-15 and 31-18-15.1." *Juan*, 2010-NMSC-041, ¶ 43. The Court also noted that in 2009, the Legislature amended Section 31-18-15.1 to rectify the unconstitutional infirmity recognized in *Frawley*. *Juan*, 2010-NMSC-041, ¶ 38 n.1; *see* § 31-18-15.1(A)(1) (2009) (stating that the district court may alter a defendant's basic sentence based upon "a finding by the judge of any mitigating circumstances surrounding the offense or concerning the offender").

Based upon the reasoning in *Frawley* and *Juan*, we conclude that the district

16

court erred in determining that *Cunningham* eliminated its discretion to mitigate Defendant's sentence. The State argues that no error occurred because the district court actually considered any mitigating evidence in the pre-sentence report and also allowed for further evidence of mitigation in the form of arguments from Defendant during sentencing. We disagree based on the district court's determination that it lacked discretion to mitigate Defendant's sentence. Additionally, the district court noted that Defendant may not wish to call witnesses given the nature of the proceedings. Finally, although Defendant identified witnesses who were present at the sentencing hearing, Defendant did not call any witnesses to testify due to the district court's conclusion that it could not mitigate Defendant's sentence. Based upon the record in this case, we conclude that the district court erred in concluding that it had no discretion to mitigate Defendant's sentence and by not exercising that discretion to consider any mitigating evidence and determine whether Defendant's basic sentence should be altered. As a result, we reverse Defendant's sentence and remand to the district court for resentencing.

**Ineffective Assistance of Counsel**

Defendant argues that he was denied his right to a fair trial based upon ineffective assistance of counsel. Specifically, Defendant argues that trial counsel failed to raise the issue of competency in his motion in limine to exclude W.S.'s

17

statement, failed to move to suppress Defendant's statement, and presented an expert witness who supported the State's case.

In order to establish an ineffective assistance of counsel claim, a defendant must (1) "demonstrate error on the part of counsel, and [(2)] show that the error resulted in prejudice." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. With regard to the first prong, "[t]rial counsel is generally presumed to have provided adequate assistance." *Id.* Assistance is "deficient if counsel's representation fell below an objective standard of reasonableness." *State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (internal quotation marks and citation omitted). However, "[i]f any claimed error can be justified as a trial tactic or strategy, then the error will not be unreasonable." *Bernal*, 2006-NMSC-050, ¶ 32. Secondly, pursuant to the prejudice prong, "[a] defendant must show a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

We conclude that Defendant has not presented a prima facie case for ineffective assistance of counsel to this Court. On appeal, Defendant argues that the motion in limine to exclude W.S.'s statement and the motion to suppress Defendant's statement would have been successful had they been filed and argued. Additionally, Defendant argues that trial counsel could have presented an expert or empirical data that

contradicted the testimony of the State's expert regarding the cause of Victim's death. Even if we were to assume without deciding that trial counsel's performance fell below that of a reasonably competent attorney, Defendant has not established prejudice. Defendant has not argued or otherwise demonstrated a reasonable probability that the result of his conviction would have been different but for counsel's alleged unprofessional errors. *See Chavez*, 2007-NMCA-162, ¶¶ 27-28 (concluding that a defendant "must show a reasonable probability that the result of the conviction would have been different" but for counsel's errors in order to present a prima facie case of ineffective assistance of counsel). Without any argument or showing that the result of the trial would have been different, ineffective assistance of counsel cannot be established. As a result, we conclude that Defendant has not presented a prima facie case of ineffective assistance of counsel to this Court. However, this decision does not preclude Defendant from pursuing habeas corpus proceedings on this issue should Defendant acquire further support for his claims. *See Bernal*, 2006-NMSC-050, ¶ 36 (reasoning that where a defendant fails to present a prima facie case of ineffective assistance of counsel on appeal, the defendant is not precluded from pursuing habeas corpus proceedings if the defendant is able to acquire evidence to support his claims).

**Cumulative Error**

Defendant argues that cumulative error deprived him of his right to a fair trial. "The doctrine of cumulative error applies when multiple errors, which by themselves do not constitute reversible error, are so serious in the aggregate that they cumulatively deprive the defendant of a fair trial." *State v. Salas*, 2010-NMSC-028, ¶ 39, 148 N.M. 313, 236 P.3d 32 (internal quotation marks and citation omitted). We have identified one error concerning Defendant's sentencing, and we are reversing Defendant's sentence and remanding for resentencing based upon that error. Because there were no other errors that do not by themselves require reversal, we conclude that there was no cumulative error. *See id.; see also State v. Duffy*, 1998-NMSC-014, ¶ 60, 126 N.M. 132, 967 P.2d 807 (reasoning that no cumulative error exists where after addressing each error claimed by the defendant, the Court determines that there was either no error or harmless error).

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's conviction for child abuse resulting in death or great bodily harm. However, we reverse Defendant's sentence and remand to the district court for resentencing consistent with this opinion.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

20

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**