FILED
United States Court of Appeals
Tenth Circuit

July 24, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GABRIEL AYALA,

          Petitioner - Appellant,

v.

TIMOTHY HATCH, Warden; GARY
K. KING, Attorney General for the
State of New Mexico,

          Respondents - Appellees.

No. 13-2009

(D.C. No. 6:10-CV-01240-MV-LFG)

(D. N.M.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Gabriel Ayala, a New Mexico state prisoner, filed a pro se

application for relief under 28 U.S.C. § 2254 in the United States District Court

for the District of New Mexico. The district court denied his application.

Proceeding pro se and *in forma pauperis*, Applicant now seeks a certificate of

appealability (COA) from this court to appeal the district court's decision. *See* 28

U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). We

deny the application for a COA and dismiss the appeal.

## I.    BACKGROUND

In 2004 Applicant pleaded guilty to three first-degree-felony and four third-

degree-felony counts of child abuse, *see* N.M. Stat. Ann. § 30-6-1(D)(1), (2)

(2001), all related to alleged abuse of his two-month-old daughter Alicia. The state district court sentenced Applicant to a total of 30 years' imprisonment. It further found that each count constituted a "serious violent offense" under New Mexico's Earned Meritorious Deduction Act (EMDA), a finding which limits a prisoner's accrual of good-time credits to four days per month of time served instead of the typical 30 days. *Id.* § 33-2-34(A)(1) (1999). The New Mexico Court of Appeals affirmed the conviction and sentence, *see State v. Ayala*, 140 P.3d 547 (N.M. Ct. App. 2006), and the New Mexico Supreme Court denied a petition for a writ of certiorari, *see id.*

Applicant applied for postconviction relief in the state trial court, asserting, among other things, that his counsel, Robert Cooper, had been constitutionally ineffective. The court conducted an evidentiary hearing and in March 2010 granted partial relief. It ruled that Cooper had been ineffective at sentencing by failing to present "certain compelling evidence" that would have caused the court to impose a lesser sentence. R., Vol. I at 235. But it rejected Applicant's other complaints about Cooper's performance. It set the matter for resentencing and on April 8, 2010, entered an amended judgment imposing a sentence of 18 years' imprisonment. It again found that all the counts were serious violent offenses. The New Mexico Supreme Court denied Applicant's petition for a writ of certiorari seeking review of the partial denial of postconviction relief. Applicant then appealed the amended judgment. The court of appeals affirmed, and the

New Mexico Supreme Court again denied Applicant's petition for a writ of certiorari.

In December 2010 Applicant filed his § 2254 application in federal district court, asserting four grounds for relief. First, he argued that Cooper had rendered ineffective assistance leading up to his guilty plea by failing to (1) challenge a confession he gave to police and officials with the New Mexico Children, Youth, and Family Department (CYFD) after taking Alicia to the hospital; (2) investigate Alicia's preexisting medical conditions, which could have explained her injuries allegedly caused by abuse; (3) verify the timeline of the six days during which the abuse allegedly occurred; and (4) investigate the possible culpability of his then-wife. Second, he argued that there was insufficient evidence of the mental state required to classify the counts as serious violent offenses. Third, he argued that his conviction for multiple counts of child abuse violated the Double Jeopardy Clause. And fourth, he argued that the state appellate courts had based their decisions on statements of fact by the prosecutor that were unsupported by evidence. The district court denied relief.

Applicant seeks a COA from this court to appeal the district court's denial of his § 2254 application. Most of his arguments concern his counsel's performance before he entered his guilty plea. He asserts that Cooper was ineffective in (1) failing to assert Applicant's constitutional right to a speedy trial; (2) focusing on sentencing as the sole defense strategy; (3) failing to

interview additional witnesses, including Applicant's business acquaintances and other children; (4) failing to retain an additional medical expert, or to supply the retained expert with additional information, in preparation of a mental-health defense; (5) providing inadequate advice during plea negotiations and inducing Applicant to plead guilty by falsely assuring him that he would be sentenced to no more than 12 years' imprisonment and may serve as few as six; (6) failing to file a pretrial motion to suppress coerced inculpatory statements; and (7) failing to investigate Alicia's medical conditions. He argues that these deficiencies prejudiced him because, had counsel provided competent representation, he would have gone to trial. As an additional ground for relief, he renews the argument that there was insufficient evidence to support the state court's finding that his offenses were serious violent offenses under the EMDA. Finally, he claims that the federal district court abused its discretion in failing to appoint counsel, order discovery, or conduct an evidentiary hearing in his § 2254 case. He does not challenge the district court's rulings on the other grounds in his § 2254 application.

## II.  DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been

-4-

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir.2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation

-5-

marks omitted).  Thus, a federal court may not grant habeas relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  *See id.*  Rather, that application must have been unreasonable.  Moreover, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We address Applicant's arguments in turn.

## A.     Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Applicant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688.  Our review here is "doubly deferential," as "[w]e take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (citation and internal quotation marks omitted).  Second, Applicant must demonstrate that the "deficiencies in counsel's performance [were] prejudicial to the defense."  *Strickland*, 466 U.S. at 692.  Because Applicant challenges his guilty plea based on ineffective assistance of counsel, he must show "a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

To begin with, we note that Applicant's first five ineffective-assistance claims were not preserved below. As to Cooper's failure to assert Applicant's constitutional right to a speedy trial, "[w]e need not address [this] argument[] because [Applicant] failed to raise [it] in the district court." *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005). And although Applicant raised the next four claims in his objections to the magistrate judge's report and recommendation, he omitted them from his § 2254 application. We have held that "theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

That leaves only two ineffective-assistance claims: (1) Cooper's failure to file a motion to suppress Applicant's inculpatory statement to authorities and (2) Cooper's failure to investigate Alicia's medical conditions. Applicant raised both claims in his state postconviction proceedings, and the court summarily rejected them. When the state court rejects a claim on the merits without explanation, we must deny relief under § 2254 unless the applicant "show[s] that there was no reasonable basis for the state court to deny relief." *Black v. Workman*, 682 F.3d 880, 892 (10th Cir. 2012) (internal quotation marks omitted).

The district court was unquestionably correct to deny relief based on Cooper's failure to file a motion to suppress Applicant's statements to police and CYFD officials. Cooper testified at the state-court evidentiary hearing that Applicant had admitted to his wife, to authorities, and to Cooper that he had hit Alicia, and that Applicant never recanted his admission to Cooper. Cooper further testified that he determined, based on his view of the evidence, that Applicant's best course of action would be to accept responsibility for the abuse by pleading guilty, and that Cooper should focus on sentencing. He wanted to try to get the state to work with him on a favorable plea agreement and did not think that filing a motion to suppress Applicant's inculpatory statements would advance this strategy. The state court could reasonably conclude that this strategy did not violate Cooper's duty of competent assistance. *See Cullen*, 131 S. Ct. at 1407–08 (counsel's decision to pursue a particular trial strategy to the exclusion of another is "due a heavy measure of deference" (internal quotation marks omitted)); *Premo v. Moore*, 131 S. Ct. 733, 741–42 (2011) (deference to strategic decisions is "all the more essential when reviewing the choices of an attorney made at the plea bargaining stage"); *id.* at 742–43 (counsel not ineffective for failing to file motion to suppress before advising client to plead guilty).

There is likewise nothing debatable about the district court's denial of relief based on Cooper's failure to investigate Alicia's preexisting medical conditions. Applicant alleges that Alicia was diagnosed with osteogenesis

imperfecta (OI), or brittle-bone disease, which, he claims, could explain her injuries. He further alleges that before he entered his guilty plea some members of his family told Cooper that Alicia may have OI, an allegation supported by testimony at the state-court evidentiary hearing. We recognize that an OI diagnosis may exculpate a parent accused of inflicting injuries on a child. *See*, *e.g.*, *In re Julia BB.*, 837 N.Y.S.2d 398, 408–10 (N.Y. App. Div. 2007) (reversing finding of child abuse and termination of parental rights based in part on evidence of OI). Perhaps the requests by Applicant's family should have prompted Cooper to investigate this area. The problem for Applicant, however, is that nothing in the record establishes that Alicia actually had the disease. Despite being represented by counsel in his state postconviction proceedings, Applicant presented neither testimony nor medical records suggesting that Alicia was ever diagnosed with or treated for OI. Having developed no evidence of what an investigation of possible OI would have revealed, Applicant cannot demonstrate prejudice from Cooper's failure to conduct such an investigation.

## B. Sufficiency of the Evidence

Applicant challenges the sufficiency of the evidence of the finding that all the counts to which he pleaded guilty were serious violent offenses under the EMDA. In particular, he argues that because he was suffering from severe sleep deprivation at the time of the alleged abuse, he did not possess the requisite mental state for a serious-violent-offense finding. *See State v. Scurry*, 158 P.3d

11034, 1036 (N.M. Ct. App. 2007) (serious violent offense must be committed with "intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm" (internal quotation marks omitted)).

"Under the Due Process Clause, evidence is sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the [required mental state] under the appropriate standard of proof." *Gonzales v. Tafoya*, 515 F.3d 1097, 1126 (10th Cir. 2008) (internal quotation marks omitted). "Sufficiency of the evidence on a habeas petition is a mixed question of law and fact. We ask whether the facts are correct and whether the law was properly applied to the facts, which is why we apply both 28 U.S.C. § 2254(d)(1) and (d)(2) when reviewing sufficiency of the evidence on habeas." *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008) (citation and internal quotation marks omitted). New Mexico courts require that the classification of an offense as a serious violent offense be "supported by substantial evidence." *State v. Montoya*, 114 P.3d 393, 397 (N.M. Ct. App. 2005).

Entertaining the same challenge on Applicant's first direct appeal, the state court of appeals explained:

> [Applicant] does not contest the extent of his daughter's injuries, which included three skull fractures, eight broken ribs, a broken fibula, and numerous bruises. He admitted that he inflicted injuries on at least three occasions, possibly four. The district court found that it was unlikely his daughter would ever fully recover from her

injuries. Additionally the district court found that owing to the fact that [Applicant's] daughter was two months old, she was helpless during the abuse, and that [Applicant] had attempted to cover up his actions and their effects. These findings are sufficient to establish a serious violent offense as contemplated under the EMDA.

*Ayala*, 140 P.3d at 550. We cannot say that the state court unreasonably determined any of these facts, most of which were uncontested. (The court was entitled to discount the testimony of Applicant's expert, who testified at the sentencing hearing concerning the effects of sleep deprivation. *See Gonzales*, 515 F.3d at 1127.) Likewise, a rational factfinder could determine that the court's findings provided substantial support for the conclusion that Applicant acted with at least recklessness in the face of knowledge that his acts would likely cause serious harm to Alicia. There is nothing debatable about the district court's rejection of this claim.

## C. Other Challenges

Applicant challenges the district court's denial of his request for appointed counsel. We need not decide whether he needs a COA to pursue this issue, *cf. Harbison v. Bell*, 556 U.S. 180, 183 (2009) ("An order . . . that denies a motion for appointment of counsel . . . is . . . not subject to the COA requirement."), because the issue clearly lacks merit. "[H]abeas petitioners have no constitutional right to post-conviction counsel," *Banks v. Workman*, 692 F.3d 1133, 1147 (10th Cir. 2012), and "[t]he decision to appoint counsel is left to the sound discretion of the district court," *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

The court denied Applicant's motion for appointed counsel because he "appear[ed] to understand the issues in the case and to be representing himself in an intelligent and capable manner." R., Vol. I at 591 (Order Denying Appointment of Counsel at 1, *Ayala v. Hatch*, No. CIV 10-1240 MV/LFG (D.N.M. Aug. 4, 2011)). We see no abuse of discretion in the court's decision.

Finally, Applicant argues that the district court erred in refusing to hold an evidentiary hearing, order discovery, or expand the record. But the Supreme Court has held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398. Therefore, the district court properly denied Applicant's requests to consider additional evidence that was not part of the record before the state court.

## III. CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge