This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40513**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**ALONZO BARAY,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing.

Now having considered the brief in chief, answer brief, and reply, we reverse the imposition of sentence and remand for resentencing for the following reasons.

**{2}** Defendant appeals from his sentencing, following his jury trial conviction for kidnapping, a first-degree felony, contrary to NMSA 1978, Section 30-4-1 (2003); and battery on a household member, a misdemeanor, contrary to NMSA 1978, Section 30-3-15 (2008). [2 RP 274-80] Defendant contends on appeal that the district court erred by failing to consider mitigating circumstances evidence at Defendant's sentencing hearing, contrary to law. [BIC 6-10] Noting that the judgment and sentence is silent as to the mitigating circumstances issue, in our assessment it is inconclusive as to whether the district court considered the mitigating evidence that Defendant presented, and, because the district court has a statutory obligation to consider such evidence, we reverse and remand for resentencing.

**{3}** NMSA 1978, Section 31-18-15.1(A) (2009) provides that the "court *shall* hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision to alter a basic sentence." (Emphasis added.) "A district court must hold a sentencing hearing to determine the existence of 'mitigating or aggravating circumstances' that justify a departure of up to one-third from the basic sentence applicable to the crime." *State v. Ayala*, 2006-NMCA-088, ¶ 6, 140 N.M. 126, 140 P.3d 547 (quoting § 31-18-15.1(A)). "[D]istrict courts have the authority, *and the obligation*, to consider potential mitigating circumstances." *State v. Montoya*, 2015-NMSC-010, ¶ 68, 345 P.3d 1056 (emphasis added). "We review the trial court's sentencing for an abuse of discretion." *State v. Sotelo*, 2013-NMCA-028, ¶ 37, 296 P.3d 1232 (internal quotation marks and citation omitted). "The district court has an obligation to consider mitigating factors in sentencing. Failure to do so, whether based on a misapprehension of the authority given by statute or a belief that a formal motion is required, is an abuse of discretion." *Id.* ¶ 45.

**{4}** At Defendant's sentencing hearing, he presented the testimony of two of his family members and the victim of the kidnapping. [AB 2] Defendant's aunt expressed that twenty-two years in custody was too long as a sentence and stated that Defendant takes care of his mother, and she pointed out that he might not see her again if he was in prison for twenty-two years. [AB 2; 1-27-22 CD 4:42:04] Defendant's brother addressed the district court and expressed that Defendant was a good guy and twenty-two years in custody was "ridiculous." [BIC 2; 1-27-22 CD 4:44:44] He also stated that Defendant takes care of his mother. [BIC 2; 1-27-22 CD 4:45:42] The victim of the kidnapping testified at the hearing as well, stating that twenty-two years was a lot of time, that Defendant's mother did not need to go through that, that his brothers and his mother needed him, that Defendant needs a lot of help and therapy, and that she did not think he could get help while in prison. [BIC 2; 1-27-22 CD 4:47:55-4:49:41] Defendant also spoke at his sentencing hearing and apologized to the victim and his own family members, and also expressed that he did not intend to kidnap the victim. [BIC 2; 1-27-22 CD 4:50:48-4:52:13]

**{5}**     We note that there is not an affirmative declaration in the record that the district court considered and rejected Defendant's proffers of mitigating evidence. The district court initially orally expressed an intention to suspend six years of Defendant's sentence, although upon reflection this outcome was impermissible, as Defendant was convicted of a first-degree felony. *See* NMSA 1978, § 31-20-3 (1985) (authorizing a sentencing court to suspend sentences for anyone convicted of a crime "not constituting a capital or first degree felony"). [BIC 5; 1-27-22 CD 4:57:16, 4:59:34-5:00:05] Following this discussion and the presentation of Defendant's mitigating evidence, the district court expressed that there was nothing for the district court to "point to . . . to support mitigation of any of that time, so eighteen years in the department of corrections is what I am required to do." [BIC 5; 5:00:29-5:00:44] Without a written order reflecting otherwise, the record does not provide this Court with the requisite certainty that the district court considered Defendant's mitigating evidence, which is an abuse of discretion. *See Sotelo*, 2013-NMCA-028, ¶ 45.

**{6}**     The State argues that the district court did consider Defendant's evidence presented at sentencing, but found the evidence insufficient, claiming that the testimony Defendant presented provided very little that the district court could consider as a mitigating circumstance. [AB 4] To the extent that might reflect the district court's conclusions, and, again, without a written order stating otherwise, we note that it appears that the district court also acted under a misapprehension as to what mitigating evidence encompasses. The district court stated that "in terms of me making findings that would support mitigation, those findings would have to be based on the crime and the series of events, and what I'm hearing today are things that are after the fact." [BIC 5; 1-27-22 CD 5:04:17-5:04:33] This appears to be an inaccurate statement of the law regarding mitigating circumstances. In considering Defendant's evidence, the district court relied upon the nature of the crimes for which he was convicted. However, case law is clear that mitigating evidence encompasses a wider range than the nature of the crime, as opposed to determining, for example, whether a crime is a serious violent offense for purposes of the Earned Meritorious Deduction Act. *See, e.g.*, NMSA 1978, Section 33-2-34(L)(4)(o) (2015) (defining the designation of a "serious violent offense" as including crimes "when *the nature of the offense* and the resulting harm are such that the court judges the crime to be a serious violent offense." (emphasis added)). By contrast, aggravating or mitigating circumstances include "unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation." *State v. Segotta*, 1983-NMSC-092, ¶ 9, 100 N.M. 498, 672 P.2d 1129; *see also State v. Whitaker*, 1990-NMCA-014, ¶ 11, 110 N.M. 486, 797 P.2d 275 (same).

**{7}**     Thus, we conclude that, if the district court did consider the mitigating circumstances evidence presented by Defendant, the district court misapplied the definition of mitigating circumstances. In light of all of the above, we conclude that the district court's treatment of Defendant's mitigating evidence was an abuse of discretion and we reverse and remand for resentencing.

**{8}** Defendant raises a second issue on appeal, regarding ineffective assistance of trial counsel. [BIC 10-13] With regard to the first part of Defendant's argument, that trial counsel was ineffective at sentencing regarding the mitigating circumstances issue, given that this Court is remanding for resentencing, it is unnecessary to consider or reach any question of ineffectiveness as to the sentencing issue. [BIC 10-11]

**{9}** As to Defendant's claim that trial counsel "also provided ineffective assistance for other reasons that are not adequately preserved in the record on direct appeal," we decline to consider that argument on direct appeal. [BIC 12] However, we note that nothing in this decision precludes Defendant from pursuing a collateral habeas corpus proceeding, should he so choose. *See, e.g.*, *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that "[i]f facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition"); *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." (internal quotation marks and citation omitted)).

**{10}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**